**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DARRYL JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 25-447** |
| **SAVAGE REFINERY SERVICES, LLC** | **SECTION: D(5)** |

# ORDER

Before the Court is a Motion for Appointment of Counsel and Request for Expedited Consideration filed by Plaintiff Darryl Jones.[1] Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff has sufficiently established the propriety of voluntary appointment of counsel for the reasons stated herein.

## I. BACKGROUND

On March 27, 2026, Counsel for Plaintiff moved for and was granted leave to withdraw.[2] The Court gave Plaintiff until May 18, 2026 to either retain new counsel or to advise the Court that he intended to proceed *pro se*.[3] The Court then granted Plaintiff's Motion of Extension of Time to Retain Counsel,[4] and Plaintiff was given until June 22, 2026 to retain counsel. Plaintiff, at this time, remains unrepresented.

---

[1] R. Doc. 79.
[2] R. Doc. 67
[3] R. Doc. 70.
[4] R. Doc. 73.

## II. LEGAL STANDARD

A litigant generally has no right to a court-appointed attorney in a civil case.[5] The Court's power to "appoint counsel" is derived from 28 U.S.C. § 1915(e)(1), which provides that the "court may request an attorney to represent any person unable to afford counsel." The United States District Court for the Eastern District of Louisiana's Resolution for Appointment of Pro Bono Counsel in Civil Cases requires demonstration of the inability to pay privately retained counsel under 28 U.S.C. § 1915(e)(1). The decision whether to appoint counsel rests within the sound discretion of the trial court,[6] and the Court may not appoint counsel as a matter of course or ordinary practice.[7] Thus, a Plaintiff, even if demonstrably indigent, is not entitled to appointed counsel as a matter of right.[8] Rather, the Court may request the appointment of counsel for an indigent litigant when exceptional circumstances exist to warrant such appointment.[9] And while compulsory appointment of counsel is not authorized by 28 U.S.C. § 1915(e)(1)'s in forma pauperis statute,[10] the Court has inherent authority to appoint counsel.[11] Indeed, while a Court has great discretion in

---

[5] *See F.T.C. v. Assail, Inc.*, 410 F.3d 256, 267 (5th Cir. 2005) (constitutional right to counsel does not apply to civil pro se litigants); *Gonzalez v. Carlin*, 907 F.2d 573, 579 (5th Cir. 1990) (no automatic right to appointment of counsel in Title VII case) (citing *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir. 1977)).

[6] *Gonzales*, 907 F.2d at 579 (citing *Caston*, 556 F.2d at 1308).

[7] *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007) (citation omitted); *see also Hadd v. LSG-Sky Chefs*, 272 F.3d 298, 301 (5th Cir. 2001); *Castro Romero v. Becken*, 256 F.3d 349, 353–54 (5th Cir. 2001).

[8] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982); *see also Paskauskiene v. Alcor Petrolab, L.L.P.*, 527 F. App'x 329, 333 (5th Cir. 2013) (recognizing that appointment of counsel in a civil case is a privilege, not a constitutional right) (citing *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982)); *Naranjo v. Thompson*, 809 F.3d 793, 801–02 (5th Cir. 2015).

[9] *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021) (per curiam) (citing *Naranjo*, 809 F.3d at 799).

[10] *Mallard v. U.S. Dist. Ct. for the Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989) (referencing § 1915(d) which was later redesignated as § 1915(e)).

[11] *Naranjo*, 809 F.3d at 799.

determining whether to appoint counsel, once it determines that a particular case presents exceptional circumstances, it abuses its discretion by declining to appoint counsel.[12]

The Fifth Circuit has identified several factors that should be considered in determining whether a case presents exceptional circumstances: (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case;[13] (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.[14] The Court should also consider whether appointment would be a service to the Court and all parties in the case by sharpening the issues and shaping the examination of witnesses, and thus shortening the trial and assisting in a just determination.[15]

## III. ANALYSIS

Plaintiff has submitted the responsive information required by the AO Form 240, which reflects that Plaintiff satisfies the financial eligibility requirements and is unable to afford private counsel. Plaintiff advised during the November 2, 2026 telephone status conference that he made significant efforts to retain counsel. Having reviewed that completed form, the Court finds that Plaintiff has met that initial

---

[12] *Id.* at 801.
[13] *Oviedo v. Lowe's Home Improvement, Inc.*, 184 F. App'x 411, 412 (5th Cir. 2006) (citing *Buesgens v. Snow,* 169 F. App'x. 869, 870–71 (5th Cir. 2006)).
[14] *Norton v. DiMazana*, 122 F.3d 286, 293 (5th Cir. 1997); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982); *Ulmer*, 691 F.2d at 213; *Castro Romero*, 256 F.3d at 353–54.
[15] *Tampico*, 987 F.3d at 392; *see also Parker v. Carpenter*, 978 F.2d 190, 193 (5th Cir. 1992); *Ulmer*, 691 F.2d at 213; *see also* APRIL 22, 2014 RESOLUTION OF THE EN BANC COURT OF THE EASTERN DISTRICT OF LOUISIANA at (3)(e)(i) (concerning appointment of counsel from this Court's Civil Pro Bono Panel) (permanently adopted on Oct. 5, 2016).

financial eligibility threshold. The Court now turns to the factors set forth by the Fifth Circuit.

All of the factors identified by the Fifth Circuit in determining the exception case for appointment of counsel are satisfied in this case. This matter involves claims of employment discrimination and retaliation, which requires specialized legal knowledge and involves significant complexity. Current law on employment discrimination, including potential shifting burdens, is also complex.[16] Due to this complexity, the Plaintiff is likely unable to adequately present or investigate his case. The evidence will likely consist of conflicting testimony, which may be difficult for the Plaintiff to present and cross-examine. The Court further finds that appointment will be of service to the Court in sharpening the issues for trial. Considering Plaintiff's inability to pay, the likely difficulty the Plaintiff will face in properly investigating and presenting his claims, and the convenience of the Court, there is a sufficient basis to seek a volunteer attorney from the EDLA's Civil Pro Bono Panel.

## IV. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Motion is **granted as amended**. The Court grants the Motion insofar as to request appointment of counsel, but will not require counsel be appointed in this matter.[17]

---

[16] A recent concurrence in a Title VII case from Justice Thomas, with Justice Gorsuch joining, notes that the *McDonnell Douglas* framework "has proved difficult for courts to apply" and details the complexity of this framework especially at the summary judgment stage. *See Ames v. Ohio Department of Youth Svcs*, 605 U.S. 303 (2025).

[17] To be clear, should an able attorney not be able to accept this pro bono appointment, the Plaintiff will then remain proceeding *pro se* unless he can retain counsel.

**IT IS FURTHER ORDERED** the Civil Pro Bono Panel Coordinator shall seek a volunteer attorney from the Civil Pro Bono Counsel Panel of this Court to represent Plaintiff in this matter, in accordance with the Resolution of the En Banc Court. Should a panel attorney volunteer to serve as counsel to Plaintiff, this Court will then enter an Order appointing that attorney.

New Orleans, Louisiana, November 3, 2026.

Wendy B Vitter

**WENDY B. VITTER**
**United States District Judge**

**CLERK TO NOTIFY VIA E-MAIL:**
Civil Pro Bono Panel
CivilProBonoProgram@laed.uscourts.gov